UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Aide Ochoa-Alapisco,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 14-378(6) ADM/LIB
Civil No. 16-2981 ADM

___

Benjamin Bejar, Esq., Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Aide Ochoa-Alapisco, pro se.

___

## I. INTRODUCTION

On September 2, 2016, Defendant Aide Ochoa-Alapisco ("Ochoa-Alapisco") filed a Motion to Vacate under 28 U.S.C. § 2255 [Criminal Docket No. 325].[1] Ochoa-Alapisco argues that she is entitled to a sentence reduction based on the newly amended United States Sentencing Guidelines § 3B1.2. For the reasons set forth below, Ochoa-Alapisco's motion is denied.

## II. BACKGROUND

On November 18, 2014, eight co-defendants were charged with narcotics trafficking offenses in a five-count Indictment [Docket No. 18]. Ochoa-Alapisco was charged with one count of conspiracy to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of aiding and abetting distribution of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. See id. Each offense carried a mandatory minimum term of 120 months

___

[1] All docket citations are to the Criminal Docket.

imprisonment.

On March 3, 2015, Ochoa-Alapisco pled guilty to the conspiracy charge. See Min. Entry [Docket No. 190]. The Presentence Investigation Report ("PSR") determined that Ochoa-Alapisco was an "average participant" in the drug trafficking organization and calculated her offense level to be 29, resulting in a guideline range of 87 months to 108 months. PSR ¶¶ 49, 66, 98. However, because of the mandatory minimum of 10 years imprisonment under U.S.S.G. § 5G1.1(c)(2), her effective guideline range was 120 months. Id. ¶ 98.

In September 2015, prior to sentencing, Ochoa-Alapisco provided a safety-valve proffer. See Position Sentencing/Sentencing Mem. [Docket No. 274]. The Government agreed that Ochoa-Alapisco satisfied the safety-valve requirements under U.S.S.G. § 5C1.2, to lift the mandatory minimum. Thus, Ochoa-Alapisco's guideline range became 70 to 87 months imprisonment. See id.

On September 18, 2015, Ochoa-Alapisco was sentenced to 48 months imprisonment. See Sentencing J. [Docket No. 280]. Ochoa-Alapisco did not directly appeal her conviction or sentence. On March 7, 2016, Ochoa-Alapisco filed a pro se Motion to Reduce Sentence [Docket No. 316], arguing that her sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2), which lowered the drug base offense levels under U.S.S.G. § 2D1.1(c). That motion was denied. See Order [Docket No. 320].

Ochoa-Alapisco now moves for a sentence reduction under the newly amended U.S.S.G. § 3B1.2.[2] U.S.S.G. § 3B1.2(b) authorizes a two point offense level reduction if the

---

[2] Effective November 1, 2015, U.S.S.G. § 3B1.2 was amended to provide "additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. Supp. App. C at 117. The amendment is referred to as "Amendment 794."

defendant was a minor participant in the criminal activity.  Ochoa-Alapisco argues that she is entitled to the downward variance because she only played a minor role in the drug trafficking organization.  At no time prior to this Motion did Ochoa-Alapisco argue explicitly that she was a minor participant in the offense conduct or challenge the probation office's determination that she was an average participant.

### III.  DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence.  See United States v. Addonizio, 442 U.S. 178, 185 (1979).  Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice.  See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

The Government first contends that Ochoa-Alapisco's collateral attack on the application of the guidelines is not cognizable under § 2255.  Under established Eighth Circuit precedent, "ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim."  Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995).  A sentence that is unlawful or illegal—imposed without, or in excess of, statutory authority—satisfies the miscarriage of justice standard.  Sun Bear v. United States, 644

F.3d 700, 705 (8th Cir. 2011). Ochoa-Alapisco's sentence is neither unlawful nor illegal; her 48-month sentence was significantly below her guideline range of 70 to 87 months. Id. Ochoa-Alapisco's claim is therefore not cognizable under § 2255 because it falls short of satisfying the miscarriage of justice standard.

Even if Ochoa-Alapisco's Motion were to be cognizable under § 2255, Ochoa-Alapisco would still not be entitled to a sentence reduction because Amendment 794 is not retroactively applicable on collateral review. United States v. Quintero-Leyva, 823 F.3d 519, 522–24 (9th Cir. 2016), cited by Ochoa-Alapisco, held that Amendment 794, which amended only the commentary to § 3B1.2 and not the text of the guideline, is a clarifying amendment rather than a substantive amendment and thus can be applied retroactively on a direct appeal. The cases following Quintero-Leyva have consistently held that Amendment 794 is not retroactively applicable on collateral appeal. See e.g., Ruiz-Loya v. United States, No. 16-405, 2016 WL 5717881, at *3 (W.D. Tex. Sept. 30, 2016); United States v. Gillispie, No. 16-316, 2016 WL 5402781, at *2 n.4 (E.D. Ky. Aug. 26, 2016).

Finally, as in the recent case of United States v. Bazaldua, Ochoa-Alapisco does not argue that her sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." No. 16-2479, 2916 WL 5858634, at *2 (D. Minn. Oct. 5, 2016) (quoting 28 U.S.C. § 2255(a)). Rather, since Ochoa-Alapisco is arguing that she was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," she must invoke 18 U.S.C. § 3582(c). However, § 3582(c) does not provide Ochoa-Alapisco relief because Amendment 794 is not among those

amendments listed in U.S.S.G. § 1B1.10(d).  See United States v. Wilson, 997 F.2d 429, 431 (8th Cir. 1993) (noting that a Guideline amendment not listed in § 1B1.10(d) does not entitle a defendant to relief under § 3582(c)).[3]

### IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in Ochoa-Alapisco's petition would be debatable among reasonable jurists.  Thus, the Court declines to grant a certificate of appealability.

---

[3] Additionally, because a clarifying amendment does not constitute a substantive change to the sentencing guidelines, such an amendment does not apply retroactively in a motion for reduction of a sentence under § 3582(c).  Altman v. United States, No. 16–3097, 2016 WL 5219599, at *3 (N.D. Ia. Sept. 21, 2016) (citing United States v. Stokes, 300 F. App'x 507, 508 (9th Cir. 2008)).

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Aide Ochoa-Alapisco's pro se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 325] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 3, 2016.